<strong>AFFIDAVIT IN SUPPORT OF</strong>

<strong>AN APPLICATION FOR A CRIMINAL COMPLAINT</strong>

I, Special Agent Maite M. Rentas, being first duly sworn, hereby depose and state as follows:

<strong><u>INTRODUCTION AND AGENT BACKGROUND</u></strong>

1. I am a Special Agent with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI). I am assigned to the Immigration Crimes Group in San Juan, Puerto Rico. As a Special Agent with HSI, I am authorized by law to investigate crimes involving violations of Title 18, Title 8, and Title 19 of the United States Code and to execute warrants issued under the authority of the United States. I have been employed as an HSI Special Agent since February 2025. Prior to my appointment as a HSI Special Agent, I was assigned in 2023, as a Special Agent with the United States Secret Service, San Juan Resident Office.

2. I successfully completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. I received training in conducting criminal investigations, methods of investigation, and criminal investigations involving computers and different access devices.

3. I completed the HSI Special Agent Training Program in FLETC Charleston, South Carolina. For approximately twelve (12) weeks I was extensively trained in academic and practical applications in financial crimes, drug trafficking, weapons, human trafficking, child exploitation, document and identity fraud, immigration and other offenses.

4. I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States. As a Special Agent, I am familiar with the statutes of the United States Code, and as a federal law enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and

considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. Based on my law enforcement experience detailed herein, as well as my training, and experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

5. This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter.

6. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed. Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that violations of 8 U.S.C. 1326(a) and (b)2) – *Reentry of removed alien after an aggravated felony conviction* has been committed by Reynaldo PERALTA-Perez ("PERALTA-Perez").

## PROBABLE CAUSE

7. On November 17, 2025, Homeland Security Investigations (HSI) Special Agents (SAs) and Enforcement and Removal Operations (ERO) Officers, were conducting immigration inspections in the area of Puerto Nuevo, Puerto Rico (PR). HSI SAs and ERO Officers were out of their government vehicles, on the sidewalk, when they observed a pick-up truck bearing license plate XXX-944, with two male individuals.

8. Record checks from the Puerto Rico Department of Transportation revealed the pick-up truck was registered to Reynaldo PERALTA-Perez. In addition, record checks revealed

that PERALTA-Perez was born in the Dominican Republic (DR) and identified himself as a national and citizen of the DR.

9. HSI SAs and ERO Officers followed the pick-up truck and when the vehicle came to a complete stop at a stop sign, the passenger abruptly exited the vehicle and fled from the agents by running towards Belcaire street.

10. HSI SAs followed the individual and apprehended the subject.

11. The subject was then identified as PERALTA-PEREZ, the registered owner of the vehicle.

12. During the encounter, PERALTA-Perez voluntarily admitted to HSI SAs that he was illegally present in the United States.

13. HSI SAs conducted an immigration inspection on PERALTA-PEREZ to determine his admissibility, and it was determined that PERALTA-PEREZ was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable document, or document of identity and nationality to be enter, pass through, or remain in the United States. HSI SAs determined that PERALTA-PEREZ is inadmissible to the United States, and SAs arrested and transported PERALTA-PEREZ to Enforcement Removal Operations (ERO) Office in Guaynabo, PR, for further processing.

14. Further immigration checks revealed the following:

   a. On June 8, 2012, PERALTA-PEREZ was encountered by an Immigration Enforcement Officer at the Baystate Correctional Institute in Norfolk, Massachusetts (MA). During the encounter, PERALTA-PEREZ admitted he was

using the name of "Manuel Cedeño". PERALTA-PEREZ admitted that he was a citizen of the DR and was in the United Stated without proper authorization.

b. On September 7, 2012, PERALTA-PEREZ was issued a Final Administrative Removal Order as an alien convicted of an aggravated felony, pursuant to 8 U.S.C. § 1101(a)(43)(B).

c. On May 19, 2015, PEREALTA-PEREZ was removed from the United States to the Dominican Republic.

15. PERALTA-PEREZ criminal record checks revealed the following:

a. On June 3, 2009, PERALTA-PEREZ, under the name of Manuel Cedeño, plead guilty in the Essex Superior Court located in Salem, MA, for two (2) counts of "Trafficking in Heroin, over 100 Grams", sentenced to 10 – 15 years committed.

b. In addition, on that same date, PERALTA-PEREZ was also convicted for "Possession of a dangerous weapon - firearm" and sentenced to two (2) years.

16. Furthermore, PERALTA-PEREZ has not requested or obtained the express consent of the Secretary of Homeland Security to reapply for admission to the United States.

[SPACE LEFT BLANK INTENTIONALLY]

**CONCLUSION**

17.     Based on the forgoing, and based upon my training, experience and participation in this and other investigations, I believe that sufficient probable cause exists to demonstrate that PERALTA-Perez reentered the United States after being removed in violation of 8 U.S.C. 1326(a) and (b)(2), *Reentry of removed alien subsequent to an aggravated felony conviction.*

Respectfully submitted,

_____
Maite M. Rentas Ramos
Special Agent
Homeland Security Investigations

Sworn by telephone pursuant to the requirements of Federal Rules of Criminal Procedure 4.1 on this 20th day of November 2025, at 5:10 PM.

_____
Hon. Marcos E. Lopez
United States Magistrate Judge
District of Puerto Rico

5